UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy N. MacDermott,<br><br>    Plaintiff,<br><br>v.<br><br>Benjamin Shelabarger,<br><br>    Defendant. | Case No. 24-cv-1234 (DWF/DJF)<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

This matter is before the Court on Defendant's self-styled Motion for Summary Judgment (ECF No. 25). The undersigned considers the matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons stated below, the Court recommends that Defendant's Motion for Summary Judgment be denied without prejudice.

## BACKGROUND

Plaintiff filed a complaint in this matter on April 8, 2024 ("Complaint") (ECF No. 1). Defendant Answered Plaintiff's Complaint on May 21, 2024 (ECF No. 19). Both parties are inmates at the Federal Medical Center-Rochester and are representing themselves *pro se*. (*See* ECF No 1.)

On May 28, 2024, the Court entered a Pretrial Scheduling Order with a fact discovery deadline of September 30, 2024 (ECF No. 20). On June 20, 2024, Plaintiff filed an Amended Complaint (ECF No. 21), which the Court construed as a Motion to Amend his Complaint and directed Defendant to file any objection to the motion to amend by July 9, 2024 (ECF No. 22). Defendant has not filed an objection, timely or otherwise. The Court therefore granted Plaintiff's

motion to amend on July 16, 2024 and directed that the document filed at ECF No. 21 ("Amended Complaint") would serve as the operative pleading in this matter (ECF No. 26).

Plaintiff's Amended Complaint asserts that on or around January 2, 2024, in retaliation for Plaintiff not letting Defendant pet his service dog, and "cussing [Defendant]out" after Defendant refused to leave the library where Plaintiff was working as a librarian, Defendant—"with malicious intent" and "deliberate disregard" for Plaintiff's rights—committed "Defamation/Slander and Defamation Per Se by submitting a falsified witness statement to prison officials" claiming Plaintiff abused his dog and suffered from mental illness. (ECF No. 21 at 4.) Plaintiff seeks "$100,000 in damages" and unspecified punitive damages. (*Id.*)

On July 15, 2024, the day before the Court ordered that the proposed Amended Complaint shall serve as the operative pleading in this matter, Defendant filed a self-styled Motion for Summary Judgment and attached an unsworn Declaration and various exhibits to support it. (ECF Nos. 25, 26.) Defendant's supporting Declaration is largely a narrative detailing his own version of the events that led to Plaintiff's allegations. (*See* ECF No. 26.)

## DISCUSSION

### I. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery," unless otherwise modified by the court or the local rules. Fed. R. Civ. P. 56(b). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] … which it believes demonstrate the absence of a genuine issue of material

2

fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *accord Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Gannon Int'l*, 684 F.3d at 792. Summary judgment is only proper "after the nonmovant has had adequate time for discovery." *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (citation omitted).

## II.     Analysis

Discovery in this matter does not close until September 30, 2024. (ECF No. 20.) While Rule 56 does allow a movant to file a motion for summary judgment prior to the close of discovery, Defendant's Motion for Summary Judgment does not identify any portion of the record to support his motion—rather it is largely based on his own perception of the events underlying Plaintiff's claims. (*See* ECF No. 26.) But Defendant's beliefs and opinions do not satisfy his burden to demonstrate an absence of dispute over any genuine issue of material fact such that judgment in his favor is appropriate. *Celotex Corp.*, 477 U.S. at 323. Moreover, the Court finds summary judgment is inappropriate at this time because: (1) Defendant's motion addresses the original Complaint and not the Amended Complaint, which only became operative after Defendant filed his Motion for Summary Judgment; and (2) Plaintiff has not had sufficient time to conduct discovery. *Ray*, 609 F.3d at 923. The Court therefore recommends that Defendant's Motion for Summary Judgment be denied without prejudice, such that Defendant—if he so chooses—may file another motion for summary judgment against the claims asserted in the Amended Complaint after fact discovery closes on September 30, 2024.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendant's self-styled Motion for Summary Judgment (ECF No. [25]) be **DENIED WITHOUT PREJUDICE**.

Date: July 16, 2024

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).