UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy N. MacDermott,<br><br>  Plaintiff,<br><br>v.<br><br>Benjamin Shelabarger,<br><br>  Defendant. | Case No. 24-cv-1234 (DWF/DJF)<br><br>ORDER AND<br>REPORT AND<br>RECOMMENDATION |

## INTRODUCTION

This matter is before the Court on Plaintiff's self-styled Motion to Compel (ECF No. 29) and Motion to Deny Summary Judgment (ECF No. 30). For the reasons stated below, the Court grants Plaintiff's Motion to Compel and recommends that his Motion to Deny Summary Judgment be granted, consistent with its July 16, 2024 Report and Recommendation (ECF No. 28).

## BACKGROUND

The Court detailed this matter's procedural and factual background in its July 16, 2024 Report and Recommendation (ECF No. 28) and incorporates it by reference here. In brief, Plaintiff and Defendant are both inmates at the Federal Medical Center-Rochester and are representing themselves *pro se*. (*See* ECF No 1.) Plaintiff alleges Defendant committed "Defamation/Slander and Defamation Per Se by submitting a falsified witness statement to prison officials" claiming Plaintiff abused his dog and suffered from mental illness and seeks "$100,000 in damages" and unspecified punitive damages. (ECF No. 21 at 4.)

On July 15, 2024, Defendant filed a self-styled Motion for Summary Judgment (ECF No. 25). The following day, the undersigned recommended that Defendant's motion be denied without prejudice because : (1) Defendant's motion did not address the operative pleading in this

1

matter; and (2) Plaintiff has not had sufficient time to conduct discovery. (ECF No. 28 at 3, citing *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010).)

Plaintiff filed the motions now before the Court on July 25, 2024. (*See* ECF No. 29, 30.) In his Motion to Compel, Plaintiff asks the Court to compel Defendant to comply with Federal Rule of Civil Procedure 5, and to warn Defendant that he may be sanctioned if he fails to do so. (ECF No. 29.) Plaintiff's Motion to Deny Summary Judgment asks the Court to deny Defendant's motion for summary judgment because he has not had sufficient time to conduct discovery. (ECF No. 30.)

## DISCUSSION

### I. Legal Standards

#### A. Federal Rule of Civil Procedure 5

Rule 5 requires that a party serve any "pleading filed after the original complaint," unless the court orders otherwise. Fed. R. Civ. P. 5(a)(1)(B). Rule 5 similarly requires that a party must serve any written motion except a motion that can be heard ex parte. Fed. R. Civ. P. 5(a)(1)(D). Methods to properly serve another party include handing it to the other party or mailing it to the other party's address. Fed. R. Civ. P. 5(a)(B)(2)(A), (C).

#### B. Federal Rule of Civil Procedure 56(b)

Under Rule 56, a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery," unless otherwise modified by the court or the local rules. Fed. R. Civ. P. 56(b). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] … which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *accord Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Gannon Int'l*, 684 F.3d at 792. Summary judgment is only proper "after the nonmovant has had adequate time for discovery." *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (citation omitted).

## II.     Analysis

### 1.     Motion to Compel

Plaintiff contends Defendant failed to properly serve his Answer to Plaintiff's Complaint (ECF No. 19) and his Motion for Summary Judgment (ECF No. 25). He asks the Court to compel Defendant to properly serve him with all court filings in the future. (ECF No. 28 at 1-2.)

Without reaching a determination as to whether Defendant previously failed to properly serve his filings as Plaintiff claims, the Court grants Plaintiff's motion. Defendant must provide copies of his court filings to Plaintiff when he files them with the Court to the extent required under Rule 5. Fed. R. Civ. P. 5(a).[1] Under Rule 5(b)(2), Defendant may serve these documents on Plaintiff by delivering them to Plaintiff in person, mailing them to Plaintiff, or as otherwise set forth under that Rule. Fed. R. Civ. P. 5(b)(2). Failure to do so may result in Defendant waiving the arguments he asserts, an order striking the filing from the Court's docket, or other sanctions.

### 2.     Motion to Deny Summary Judgment

Plaintiff's Motion to Deny Summary Judgment asks the Court to deny Defendant's Motion for Summary Judgment for largely the same reasons the Court already recommended it be denied

---

[1] This Rule applies to both parties: Plaintiff also must properly serve Defendant pursuant to Rule 5 when he files documents with the Court.

3

in its July 16, 2024 Report and Recommendation (ECF No. 28). (ECF No. 30.) The Court therefore recommends that Plaintiff's Motion to Deny Summary Judgment be granted for the reasons stated in its July 16, 2024 Report and Recommendation.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's self-styled Motion to Compel (ECF No. [29]) is **GRANTED**. Defendant must comply with Rule 5 of the Federal Rules of Civil Procedure as set forth above.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's self-styled Motion to Deny Summary Judgment (ECF No. [30]) be **GRANTED** and that Defendant's Motion for Summary Judgment be denied <u>without prejudice</u> consistent with the Court's July 16, 2024 Report and Recommendation (ECF No. [28]).

Date: July 26, 2024                                  *s/ Dulce J. Foster*
                                                     DULCE J. FOSTER
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).