UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy MacDermott, | Civil No. 24-CV-1234 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Benjaman Shelabarger, a/k/a Benjamin Shelabarger, | |
| Defendant. | |

This matter is before the Court on Defendant Benjaman Shelabarger's Motion to Compel (ECF No. 91). Mr. Shelabarger seeks a court order requiring Plaintiff Troy MacDermott to respond to the discovery requests he served on Mr. MacDermott on February 3, 2025 (*see* ECF No. 74 at 1).

Mr. Shelabarger's discovery requests include copies of "all" legal filings Mr. MacDermott "served against the [Bureau of Prisons], FMC Rochester, FMC Rochester Staff that pertains to the event in litigation, dated December 31, 2023 that involved Shelabarger and or the service dog" and "all copies of responses and denials of aforementioned legal filings or complaints." (*Id*.) He also requests a copy of the statement of relevancy the Court directed Mr. MacDermott to send to the United States Attorney's Office regarding the subpoena Mr. MacDermott served on Warden Jared Rardin on September 16, 2024 (*see* ECF No. 57). (*Id.*) Mr. Shelabarger contends that in lieu of responding to his discovery requests, Mr. MacDermott sent him a "religious tract" intended to harass him (*see* ECF No. 92 at 1) and a notice of intent to file sanctions against him (*see id.* at 2). (ECF No. 91 at 1.)

1

Mr. MacDermott objects to Mr. Shelabarger's Motion to Compel because he claims: (1) the requested documents are public records that Mr. Shelabarger may access himself; (2) he has already satisfied his discovery obligations by providing Mr. Shelabarger with a memorandum and docket list summarizing all the requested documents; and (3) he is under "no obligation to finance [Mr. Shelabarger's] litigation." (ECF No. 100.)

I.     **Legal Standard**

The Court has very wide discretion in handling pretrial procedure and discovery. *See, e.g.*, *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) ("A district court has very wide discretion in handling pretrial discovery …." (quoting *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014)); *Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("Further, magistrate judges 'are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" (internal quotation marks omitted) (quoting *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013)).

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). But "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Further, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26

advisory committee's note to 2015 amendment); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." (quotation omitted)).

When a party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection," the party seeking the discovery "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "Under the [Federal Rules of Civil Procedure], the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from undue burden or expense." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) (internal quotation marks omitted).

## II.   Analysis

The Court finds that Mr. Shelabarger's February 3, 2025 discovery requests (ECF No. 74) are both relevant and proportional to the needs of the case. The documents he seeks are necessary to adequately defend himself against Mr. MacDermott's allegations. Moreover, because Mr. Shelabarger's February 3, 2025 discovery requests are limited to records that pertain to the December 31, 2023 events or the service dog at issue in the Complaint, they are proportional to the needs of the case and are not unduly burdensome.

Furthermore, Mr. MacDermott's current responses to Mr. Shelabarger's discovery requests (ECF No. 92 at 1-6) are deficient. He has not provided any of the specifically requested information or offered any reasonable explanation for his failure to do so. The Court therefore grants Mr. Shelabarger's motion to compel.

3

The Court further finds no reasonable basis to shift the costs of production to Mr. Shelabarger. While Mr. MacDermott claims he "should not have to finance" Mr. Shelabarger's litigation, it is Mr. MacDermott who chose to commence this action in federal court—not Mr. Shelabarger. Having made this choice, Mr. MacDermott now must bear the cost to produce the documents Mr. Shelabarger requests. *Oppenheimer Fund, Inc.*, 437 U.S. at 358. And while some of the documents Mr. Shelabarger requests are public records, there is still a cost to obtaining and producing them. As the producing party, Mr. MacDermott must bear this cost. *Id.* Moreover, many of the documents Mr. Shelabarger seeks are administrative BOP disciplinary records that are not typically accessible to the public. (*See* ECF No. 92 at 6.) The Court therefore compels Mr. MacDermott to fully respond to Mr. Shelabarger's February 3, 2025 discovery requests by **April 21, 2025**, failing which the Court may impose sanctions, including dismissing this action under Rules 16(f), 37, or 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or to comply with this Order.

## ORDER

Based on the foregoing, and on all files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant Benjaman Shelabarger's Motion to Compel (ECF No. 91) is **GRANTED**;

2. Plaintiff Troy MacDermott shall respond to Mr. Shelabarger's February 3, 2025 discovery requests (ECF No. 74) by **April 21, 2025**; and

3. If Mr. MacDermott fails to comply with this Order, the Court may impose sanctions, including dismissing this action under Rules 16(f), 37, or 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or to comply with its orders.

Dated: March 24, 2025 　　　　　　　　　　　　　*s/ Dulce J. Foster*  
　　　　　　　　　　　　　　　　　　　　　　　DULCE J. FOSTER  
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge