UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Troy MacDermott,                                                    Civil No. 24-CV-1234 (DWF/DJF)

        Plaintiff,

v.                                                                                          **ORDER**

Benjaman Shelabarger, a/k/a
Benjamin Shelabarger,

        Defendant.

---

This matter is before the Court on Plaintiff Troy MacDermott's self-styled Motion to Appoint Counsel for Defendant (ECF No. 98). He claims Defendant Benjaman Shelabarger requires counsel because he is incapable of litigating this matter himself. (*Id.* at 1.)

The Court denies Mr. MacDermott's motion. First, the Court will not deny Mr. Shelabarger his right to choose his own counsel or no counsel at all. *United States. Equal Emp. Opportunity Commission v. Cambridge Transp., Inc.* Case No. 23-MC-101 (NEB/DJF), 2024 WL 5396547, at *1 (D. Minn. Dec. 18, 2024) (quoting *Gurniak. v. Emilsen*, 995 F. Supp. 2d 262, 269 (S.D.N.Y. 2014) ("It is well settled that a party in a civil action has the right to freely choose its own counsel.")).

Second, there is no basis to appoint counsel for Mr. Shelabarger at this time. There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Whether to appoint counsel in a civil proceeding like this one is a decision "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Factors to consider include: "(1) the factual complexity of the issues; (2)

the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases).

Here, Mr. Shelabarger has demonstrated that neither the factual nor legal complexity of this matter exceeds his ability to defend himself against Mr. MacDermott's claims. He appropriately answered Mr. MacDermott's Complaint (ECF No. 19) and has filed several of his own motions (*see, e.g.*, ECF Nos. 25, 34, 91). While not all his motions were successful, Mr. Shelabarger presented his arguments with reasonable clarity and appropriate factual and legal support. And conflicting testimony is not an issue at this point in the case. The *Crozier* factors therefore favor denying any request for appointment of counsel without prejudice at this stage in the proceedings. Any new request for counsel, if necessary, should be filed after dispositive motions are decided and will be considered only if a party requests counsel to represent himself and not his opponent.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Troy MacDermott's self-styled Motion to Appoint Counsel for Defendant (ECF No. 98) is **DENIED**.

Dated: March 24, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge