UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy MacDermott, | Civil No. 24-CV-1234 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Benjaman Shelabarger, a/k/a Benjamin Shelabarger, | |
| Defendant. | |

This matter is before the Court on Plaintiff Troy MacDermott's self-styled *ex parte* Motion to Request an Emergency Temporary Restraining Order ("Motion") (ECF No. 111). Mr. MacDermott asks the Court for a temporary restraining order ("TRO") to separate Defendant Benjaman Shelabarger "from all the witnesses that submitted witness statements on [Mr. MacDermott's] behalf." (*Id.* at 1.) Mr. MacDermott explains that he filed the Motion *ex parte* because he was "concerned that Mr. Shelabarger [would] act out and do something, possibly violent against one of the witnesses" if he knew about the Motion. (*Id.* at 1.) Mr. MacDermott further states that he intends "to serve Mr. Shelabarger with the filing" after the Court rules on his request. (*Id.* at 2.)

Under Federal Rule of Civil Procedure 65(b)(1), a "court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if … (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Moreover, "in the prison context, a request for injunctive relief must always be viewed

with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Mr. MacDermott does not satisfy either requirement under Fed. R. Civ. P. 65(b)(1) to circumvent a TRO's notice requirement. He has not proffered an affidavit, and in any event, his conclusory statements do not establish any immediate and irreparable harm from Mr. Shelabarger talking to witnesses. Though he claims to have a concern that Mr. Shelabarger might become violent or threaten his witnesses, he does not allege facts from which the Court could conclude that any threatening or violent conduct occurred or establish any other factual basis for his alleged concern. He also does not certify in writing any efforts he made to give notice and the reasons why it should not be required. Moreover, his request for a TRO implicates prison administration, thus requiring judicial restraint. *Goff*, 60 F.3d at 520. For these reasons, the Court denies Mr. MacDermott's Motion.

The Court also directs the Clerk of Court to unseal the Motion and mail it to Mr. Shelabarger. Finding insufficient support to issue a temporary restraining order, and based on Mr. MacDermott's own statement that he intends to serve the Motion on Mr. Shelabarger after the Court's ruling (ECF No. 111 at 2), the Court finds no basis to keep it under seal.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Troy MacDermott's self-styled *Ex Parte* Motion to Request an Emergency Temporary Restraining Order (ECF No. 111) is **DENIED**.

2. The Court directs the Clerk of Court to unseal the Motion and mail it to Mr. Shelabarger.

Dated: March 28, 2025                    *s/ Dulce J. Foster*
                                         DULCE J. FOSTER
                                         United States Magistrate Judge