UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy MacDermott, | Civil No. 24-CV-1234 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Benjaman Shelabarger, a/k/a Benjamin Shelabarger, | |
| Defendant. | |

This matter is before the Court on Plaintiff Troy MacDermott's Motion to Compel (ECF No. 99). Mr. MacDermott seeks a court order requiring Defendant Benjaman Shelabarger to respond to his request for documents ("Document Request") (ECF No. 101-1 at 1) and fourteen interrogatories ("Interrogatories") (*id*. at 3-9)[1], which he served on Mr. Shelabarger on February 11, 2025. Mr. Shelabarger did not respond to the Motion to Compel.

Mr. MacDermott's Document Request includes a request for Mr. Shelabarger's: (1) judgment and conviction records; and (2) "entire disciplinary record". (ECF No. 101 at 1.) Mr. MacDermott's Interrogatories include requests for specific detail on the allegations underlying this case (*see, e.g.*, ECF No. 101-1 at 4-5, 7-8, 9-10, 12), as well as unrelated or irrelevant questions regarding Mr. Shelabarger's actions (*see id.* at 6, 8-9) or underlying conviction (*see id*. at 13). Mr. Shelabarger objected to the Document Request as "immaterial" to Mr. MacDermott's Complaint (*id.* at 2), and objected to all but one Interrogatory as "not material or relevant" to Mr. MacDermott's allegations (*id.* at 4-13).

---

[1] For clarity and ease of citation, the Court cites to the record using the ECF pagination.

1

I.     **Legal Standard**

The Court has very wide discretion in handling pretrial procedure and discovery. *See, e.g.*, *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) ("A district court has very wide discretion in handling pretrial discovery …." (quoting *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014)); *Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("Further, magistrate judges 'are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" (internal quotation marks omitted) (quoting *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013)).

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Further, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." (quotation omitted)).

When a party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection," the party seeking the discovery "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "Under the [Federal Rules of Civil Procedure], the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from undue burden or expense." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) (internal quotation marks omitted).

**II.   Analysis**

    **1.   Document Request**

The Court finds that Mr. MacDermott's requests for Mr. Shelabarger's judgment and conviction records and his disciplinary record seek information that is neither relevant nor proportional to the needs of the case. Fed. R. Civ. P. 26. The allegations in this case relate to Mr. Shelabarger's alleged defamation of Mr. MacDermott. There is no suggestion in the record that Mr. Shelabarger was ever charged or disciplined for defaming Mr. MacDermott, so his criminal and disciplinary records have no bearing on Mr. MacDermott's claims. Mr. Shelabarger therefore need not respond to MacDermott's Document Request, and the Court denies Mr. MacDermott's Motion to Compel accordingly.

    **2.   Interrogatories**

The Court has reviewed each of Mr. MacDermott's fourteen Interrogatories and finds that most of them seek information that is both relevant and proportional to the needs of the case. Interrogatory numbers 1, 2, 4, 5 and 8-13 seek information that is related to the allegations underlying Mr. MacDermott's Complaint and necessary for him to prove his claims without being unduly burdensome. The Court finds that Mr. Shelabarger responded appropriately to

Interrogatory number 1, but his remaining responses are deficient. The Court therefore grants Mr. MacDermott's Motion to Compel insofar as Mr. Shelabarger must provide complete responses to Interrogatory numbers 2, 4, 5, and 8-13 by **May 5, 2025**, failing which the Court may impose sanctions under Rule 37 of the Federal Rules of Civil Procedure for failure to comply with this Order.

Mr. Shelabarger need not to respond to Interrogatory numbers 3, 6, 7, or 14 because Mr. MacDermott has not made a "threshold showing" that the information sought "reasonably bear[s] upon the issues in the case." *Hofer*, 981 F.2d at 380. The Court therefore grants Mr. MacDermott's Motion to Compel in part and denies it in part as set forth herein.

## ORDER

Based on the foregoing, and on all files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Troy MacDermott's Motion to Compel (ECF No. 99) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Mr. MacDermott's request for responses to his Document Requests is **DENIED**;

2. Mr. MacDermott's request for complete responses to Interrogatory Numbers 1, 3, 6, 7, and 14 is **DENIED**;

3. Mr. MacDermott's request for complete responses to Interrogatory Numbers 2, 4, 5, 8, 9, 10, 11, 12, and 13 is **GRANTED**.

4. Defendant Benjaman Shelabarger must provide complete responses to Interrogatory Numbers 2, 4, 5, 8, 9, 10, 11, 12, and 13 by **May 5, 2025**.

5. If Mr. Shelabarger fails to comply with this Order, the Court may impose sanctions under Fed. R. Civ. P. Rule 37.

Dated: April 4, 2025	*s/ Dulce J. Foster*
	DULCE J. FOSTER
	United States Magistrate Judge

5